IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Granville Lloyd Tribble, Jr.,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:13cv1260 (JCC/JFA)** |
| | ) | |
| **Harold W. Clarke, et al.,** | ) | |
| **Respondent.** | ) | |

MEMORANDUM OPINION

Granville Lloyd Tribble, Jr., a Virginia inmate proceeding pro se, has filed a petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his

conviction of rape. By Order dated October 31, 2013, the Court directed Tribble to show cause

why his petition should not be barred by the statute of limitations. On December 2, 2013, the

Court received Tribble's response, in which he appeared to state he was entitled to equitable

tolling based on his attorney's failure to timely file a petition for rehearing, which both he and

his attorney thought had been properly filed and was tolling the statute of limitations. By Order

dated December 20, 2013, the respondent was directed to show cause why the petition should not

be granted.

On February 28, 2014, respondent moved to dismiss the petition and Tribble was given

the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

Cir. 1975) and Local Rule 7(K). Tribble filed a response. Dkt. Nos. 22 & 23. Accordingly, this

motion is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss

must be granted, and the petition must be dismissed with prejudice, as time-barred.

**I. Background**

In the Circuit Court for the City of Portsmouth, a jury convicted Tribble of one count of

rape. On May 4, 2009, the court issued a final order and imposed the 25-year sentence previously

fixed by the jury. Case No. 740 CR 0800148601. Tribble filed a direct appeal in the Virginia

Court of Appeals, which denied his petition for appeal on December 9, 2009. R. No. 0962-09-1.

Tribble then appealed to the Supreme Court of Virginia, which denied his petition for appeal on

June 3, 2010. R. No. 092585. Therefore, Tribble's convictions became final on

September 1, 2010, the last date he could have petitioned the Supreme Court of the United States

for a writ of certiorari.[1]

On June 1, 2011, Tribble filed an application for a state writ of habeas corpus in the

Circuit Court for the City of Portsmouth, which the court dismissed on February 21, 2012. Case

No. L-11-1713. Tribble appealed to the Supreme Court of Virginia, which refused the petition

for appeal on October 23, 2012. Tribble's counsel then attempted to file a petition for rehearing

on November 5, 2012, but the petition was never received by the Court. On January 14, 2014,

Tribble filed an untimely Petition for Rehearing with the Supreme Court of Virginia, which the

Court denied on February 14, 2014. Tribble then turned to the federal forum and filed this

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 30, 2013. As

noted above, respondent has moved to dismiss the petition, and Tribble has filed a reply.

Accordingly, this matter is now ripe for disposition.

## II. The Petition is Time-Barred

A petition for a writ of habeas corpus must be dismissed if filed later than one year after

(1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed;

(3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the

factual predicate of the claim could have been discovered with due diligence.  28 U.S.C. §

2244(d)(1)(A)-(D).  Tribble's convictions became final on September 1, 2010, the last date he

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

could have petitioned the Supreme Court of the United States for a writ of certiorari after the Supreme Court of Virginia refused his direct appeal.

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On June 1, 2011, petitioner filed a state habeas petition in the Circuit Court for the City of Portsmouth, which denied his petition on February 21, 2012. Petitioner then appealed to the Supreme Court of Virginia, which refused and dismissed the appeal on October 23, 2012. Petitioner filed the instant petition on September 30, 2013.[2]

Between September 1, 2010, the date petitioner's conviction became final, and June 1, 2011, the date petitioner filed his state habeas petition, 273 days passed. Between October 23, 2012, the date the denial of petitioner's state habeas petition became final, and September 30, 2013, the date petitioner filed his federal petition, an additional 342 days passed. When these days are combined they establish that the instant petition was filed 250 days beyond the one-year limit.

### III. Equitable Tolling Does Not Apply

In Tribble's response to Respondent's Motion to Dismiss, he admits that his conviction became final on September 1, 2010, and that 273 days passed before he filed his state habeas petition on September 30, 2013. Pet'r's Br. Supp. Rule 5(e) Reply [hereinafter: Reply Br.] 5; docket no. 23. While Tribble also acknowledges that the Supreme Court of Virginia dismissed

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).

his habeas appeal on October 23, 2012, he argues that he timely filed a petition for rehearing on November 5, 2012. Reply Br. 5. He then states that "technical problems occurred during the time after" the electronic submission of his petition for a rehearing, which "was not discovered until five (5) months later, and there was no adjudication by the Supreme Court of Virginia." Id. at 12. He argues that "no order from the Supreme Court of Virginia ever issued until the petitioner submitted the litigation pro se and that resulted in the February 14, 2014 order and finality of state court challenge, which [sic] the toll of statutory bar at 273 days." Pet. at 14. Thus, petitioner argues that his petition for rehearing filed November 5, 2012, tolled the statute of limitations.

While petitioner does not use the term, in effect he argues that the limitations period should be equitably tolled. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must
> be guarded and infrequent, lest circumstances of individual
> hardship supplant the rules of clearly drafted statutes .... We
> believe, therefore, that any resort to equity must be reserved for
> those rare instances where - due to circumstances external to the
> party's own conduct - it would be unconscionable to enforce the
> limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack

of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling.  See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Assuming without deciding that Tribble's arguments support equitable tolling, he fails to show why his petition was timely filed. As respondent correctly points out, even if the Court were to accept Tribble's argument that he never received a response from the Supreme Court of Virginia regarding its failure to receive his November 5, 2012 petition for rehearing, Tribble's own exhibit shows that counsel made him aware of this by letter dated April 23, 2013. See Docket No. 11. Even if the statute was tolled until this time, this petition would still be untimely because an additional 161 days ran before Tribble filed it on September 30, 2013. Adding that period to the 273 days that elapsed between the date Tribble's conviction became final and the date petitioner filed his state habeas application yields a total of 434 days, such that this federal petition was filed 69 days outside the limitations period. Had petitioner reacted to counsel's letter more expeditiously, he would have had ample time to submit this petition in a timely manner. Under such circumstances, petitioner's own lack of diligence caused the untimeliness of this petition, and it will be dismissed as barred by the statute of limitations.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and Tribble's petition will be dismissed with prejudice, as time-barred. An Appropriate Order shall issue.

Entered this _____15th_____ day of _____July_____ 2014.

Alexandria, Virginia

_____/s/_____
James C. Cacheris
United States District Judge

5